**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| Mario Salazar Chiriboga,<br><br>Petitioner,<br><br>vs.<br><br>Pamela Bondi et al.,<br><br>Respondents. | Case No. 0:26-cv-01156-DMT-JFD |

**ORDER TRANSFERRING VENUE**

[¶ 1] THIS MATTER comes before the Court upon full briefing on the Emergency Petition for Writ of Habeas Corpus filed on February 6, 2026. Doc. No. 1. On February 6, 2026, this Court issued an order for Respondents to notify the Court of the Petitioner's location at the time of filing. Doc. No. 3. Respondents informed the Court that Petitioner was in El Paso, Texas at the time of filing. Doc. Nos. 5, 7. Despite this, Petitioner urges this Court to assert jurisdiction because Petitioner was arrested in Minnesota. In Rumsfeld v. Padilla, however, the Supreme Court held, "for core habeas petitions challenging present physical confinement, jurisdiction lies only in one district: the district of confinement." 542 U.S. 426, 443 (2004). Petitioner argues that he should fall under the exception mentioned in Justice Kennedy's concurrence. Id. at 454 (Kennedy, J., concurring) ("where the Government was not forthcoming with respect to the identity of the custodian and the place of detention").

[¶ 2] This Court does not find the exception applies in this case. Petitioner was detained on January 20, 2026, and transferred the same day due to spacing constraints in Minnesota. Doc. No. 7. That was two weeks before this Petition was filed. While the Petition states he did not appear

on the detainee locator system, there was information and belief to think he was in Texas. Doc. No. 1. There is no evidence on the record that the government tried to hide Petitioner's location, as the increased detainment has strained resources both in physical housing needs and manpower to keep up the location system. Therefore, since Petitioner was located in El Paso, Texas when the Petition was filed, transfer to the Western District of Texas is in the interest of justice. 28 U.S.C. § 1406(a).

[¶ 3] Accordingly, this case is **TRANSFERRED** to the United States District Court for the Western District of Texas for all further proceedings and disposition of all remaining motions.

[¶ 4] **IT IS SO ORDERED.**

DATED February 10, 2026.

Daniel M. Traynor, District Judge
United States District Court